# J. C. DE GRAFF and Another v. GEORGE MOENCH.[1]

May 26, 1913.

Nos. 18,015—(141).

**Dismissal of appeal.**

Action upon a judgment rendered in another state, defense that an appeal had been taken from the judgment, and dismissal of the Minnesota action by the trial court. Where upon appeal in the foreign state a new trial of the action in which the judgment was rendered has been granted, before the hearing of an appeal in the Minnesota action, this court will dismiss the appeal. [Reporter].

Action in the district court for Le Sueur county to recover $3,726 upon a judgment rendered against defendant in a circuit court in the state of Illinois. The substance of the answer is given in the opinion. The case was tried before

1 Reported in 141 N. W. 1134.

Morrison, J., who granted defendant's motion to dismiss the action. From an order denying their motion for a new trial, plaintiffs appealed. Motion to dismiss appeal granted.

*L. W. Prendergast* and *Wilson, Mercer, Swan, Ware & Stinchfield*, for appellants.

*Francis Cadwell* and *Thomas Hessian*, for respondent.

PER CURIAM.

This action was brought to recover upon a judgment rendered in the circuit court of the state of Illinois. The rendition of the judgment was admitted by defendant in his answer, but he interposed in defense that the judgment was not final, for the reason that an appeal or writ of error therefrom had been sued out by defendant to the appellate court, and that the cause was pending in that court upon such appeal. Upon the trial of the action the court sustained this defense, holding that the appeal from the judgment suspended its operation, and that the action could not be maintained. A dismissal was ordered, and plaintiff appealed from an order denying a new trial. Since this appeal was taken, the appellate court of Illinois reversed the judgment and remanded the cause for a new trial, and defendant now moves to dismiss the appeal to this court for the reason that since the foundation of plaintiffs' cause of action, the Illinois judgment, falls with the reversal of that judgment by the Illinois court, no real controversy is involved and the appeal presents only a moot question. The basis of the motion is well taken. There is now no controversy between the parties and we follow and apply the rule of Anderson v. Village of Louisberg, supra, page 528.

Counsel for plaintiff stated on the presentation of the motion that he intended to apply to the trial court for some relief, and he urged that the order to be entered in this court be such as would not prejudice his rights in that respect. We are not advised of the nature of the proposed application, nor do we clearly see that any relief may be granted. However, we do not consider the question.

So far as concerns an application to the court below, on a remand of the cause, it would seem immaterial whether an affirmance be ordered or the appeal dismissed. No judgment of dismissal has been entered below and if plaintiff is entitled to any relief he may apply for it.

Defendant's motion to dismiss the appeal will therefore be granted, but without statutory costs.